Carroll, }
Dec. 1, 1903. }

### DAVIS *v.* DAVIS, *Ex'r., Ap't.*

Until an administration bond has been filed, a person appointed an executor cannot be considered as possessing that trust, and he is not entitled to have his account allowed in the probate court, nor can he be required by that court to settle an account.

PROBATE APPEAL, from a decree charging the defendant with the value of certain lumber belonging to the estate of Charles A. Davis, deceased, testate, sold by the defendant with the knowledge and assent of the plaintiff and not paid for. Trial at the October term, 1902, of the superior court before *Peaslee,* J.

The plaintiff is the widow of Charles A. Davis and the residuary legatee under his will, in which she and the defendant were named as executors. The will has been proved and allowed, and letters of administration have been issued to the plaintiff and defendant as executors, but no administration bond has been given. They have undertaken to administer the estate, and the defendant has filed an account. John Goodhue was indebted to the estate in the sum of $434.90, for lumber sold him as above stated. In consequence of the defendant's negligence this claim was not collected, and is now uncollectable and lost.

It was ruled that executors without bonds, who take possession of and continue to control and manage the estate, are liable as executors so long as there are debts of the estate unpaid. The defendant excepted to this ruling, and to the refusal to rule that the probate court had no jurisdiction to appoint the executors without bonds, and no jurisdiction over this matter. Because of the negligence of the defendant, it was adjudged that he should be charged with the sum of $434.90, in addition to the amount with which he had charged himself in his account filed in the probate court, and he excepted.

*Paul Wentworth* and *Arthur L. Foote*, for the plaintiff.

*Frank Weeks* and *Edwin G. Eastman*, for the defendant.

BINGHAM, J.   One of the questions in this case relates to the jurisdiction of the probate court to require the defendant to account for the value of certain property belonging to the estate of Charles A. Davis, and which it is found was lost through his negligence. The defendant contends that, as no administration bond has been given, the probate court cannot require him to account; that under such circumstances its jurisdiction has not attached.   On the other hand, it is contended that, as letters of administration have been issued to the plaintiff and defendant as executors, their failure to give bond was a mere irregularity; and that the order of the judge of probate, issuing the letters, is a judgment which cannot be attacked collaterally, and is valid until set aside by appropriate proceedings instituted for that purpose.

A solution of the question would seem to depend upon the construction to be placed upon the letters of administration, viewed in the light of certain statutes relating to the subject of the administration of estates.   In the Public Statutes (*c.* 188, *s.* 12) it is provided that "no person shall intermeddle with the estate of a person deceased, or act as administrator thereof, or be considered as having that trust,   .   .   .   until he has given bond to the judge, with sufficient sureties, in such reasonable sum as he shall approve," conditioned as required in the five subdivisions named in said section, except that under certain circumstances named in sections 13 and 14, and not necessary to be here considered, a bond containing different conditions, or without sureties, may be given. In section 16 it is provided that "if any person unlawfully intermeddles with, embezzles, alienates, wastes, or destroys any of the personal estate of a deceased person, he shall be liable to actions of the creditors and others aggrieved, as executor in his own wrong, to double the value of such estate."

In considering these statutes (*Emery* v. *Berry*, 28 N. H. 473, 485), the court has held that any intermeddling with the personal estate of a deceased person that "takes place without giving bond as administrator or executor" is "an unlawful intermeddling" within the meaning of section 16, and would render a person so intermeddling liable as executor in his own wrong to double the value of the property intermeddled with.   In *Brown* v. *Leavitt*, 26 N. H. 493, 496, it is said that "the effect of the two sections, when compared, is, obviously, that if any person unlawfully intermeddles 'he shall not act as executor, or be considered as having that trust,' that is, he shall have none of the powers, rights, or privi-

leges of an executor rightfully exercising that office, but he shall be liable to the actions of the creditors, as executor in his own wrong, to the amount prescribed;" and that "by section 4 of chapter 159 [P. S., c. 189, s. 4], all assets, whether inventoried or not, are to be accounted for, and the executor or administrator is made chargeable with them; but this cannot apply to executors *de son tort*, because their liability is expressly limited to double the value of the property intermeddled with."

The question of the jurisdiction of the probate court to pass upon the account of an executor named in a will and to whom letters of administration had issued, but who had not given the required bond, was considered in *Tappan* v. *Tappan*, 24 N. H. 400. In that case it appeared that John Tappan died leaving a will, in which Weare Tappan and John W. Tappan were named as executors; that the will had been proved and allowed; that letters of administration had issued to the executors; that a bond to pay debts and legacies had been given, signed by the executors and a surety; that Weare Tappan was not a residuary legatee; that he entered upon the administration of the estate; that later he presented in the probate court an account which he sought to have allowed him as executor; and that his proceeding was dismissed, upon the ground that the probate court did not have jurisdiction. An appeal was taken, but the decree dismissing the proceeding was sustained. In the opinion the court said: "The statute [R. S., c. 158] makes but one exception to the rule that every executor shall give bond to administer according to law—the case of the executor to whom administration is granted, and who is also a residuary legatee. The appellant, clearly, was not such a residuary legatee. He could not intermeddle with the estate, or act as executor, or be considered as having that trust, until he has given a bond in the usual form, to administer the estate according to law. . . . The position of the case, then, is this: the will has been proved, and a decree has been passed that the executors named in the will be appointed to that trust upon their giving bond according to law. The only bond they could lawfully give, was to return an inventory and administer the estate according to law. They have given no such bond. Their authority, inchoate by the will, remains in suspense, and so must remain until such bond is given. The claim of the appellant was for the allowance of his private claim against the estate, and for the balance of his account as executor. The judge of probate had power to adjust and allow the accounts of executors against the estates they were empowered to administer, and no others. The appellant could not 'be considered as having the trust' of executor, because he had not given bond as required by law. The judge of probate has no jurisdiction, and therefore properly dismissed the claim."

Taking into consideration these statutes and the construction that has been placed upon them, we are of the opinion that the order of the probate court appointing the plaintiff and defendant executors is not absolute; that if it does not in express terms provide that it shall not take effect until the required bond is given, still by force of the statute (*s.* 12) such a condition is to be implied; and, as it appears the parties have not complied with the condition, that they have no power to act as executors and administer the estate, and that the probate court has no jurisdiction to consider or allow any administration accounts which they may present until the required bond is given.

For other cases in which the appointment of an executor was regarded as conditional until the required bond was given, see *Morgan* v. *Dodge*, 44 N. H. 255, 261, 263, and *Kittredge* v. *Folsom*, 8 N. H. 98, 111. Also the following cases, where it is held that an executor *de son tort* cannot be called to account in the probate court: *Peebles' Appeal*, 15 S. & R. 39, 41; *Power's Estate*, 14 Phila. 289; *Haley* v. *Thames*, 30 S. C. 270; Woern. Admin., *s.* 193.

Our conclusion is that the defendant cannot be considered as possessing the trust of executor, and that until he gives an administration bond he is not entitled to have his account allowed in the probate court, and cannot be required by that court to settle an account. This result renders it unnecessary to consider the other questions raised in the case.

*Exception sustained.*

All concurred.